UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRAD RAUDENBUSH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00196-TWP-CSW |
| | ) |
| C. FOX, | ) |
| | ) |
| Respondent. | ) |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Petitioner Brad Raudenbush's ("Raudenbush") Petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Raudenbush challenges a prison disciplinary proceeding in which he was found guilty of the offense of conspiracy/attempting/aiding or abetting trafficking and was sanctioned with a one-step demotion in credit-earning class, among other non-custody related sanctions. (Dkt. 1-1 at 3.) He alleges that the discipline was imposed in violation of his due process rights. For the reasons explained below, Raudenbush's due process rights were not violated by the disciplinary hearing and his habeas petition is **DENIED**.

### I. LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the

disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.  FACTUAL BACKGROUND

On July 10, 2023, Investigator H. Kern wrote a Report of Conduct ("Conduct Report") charging Raudenbush with the offense of conspiracy/attempting/aiding or abetting trafficking, This offense prohibits, in relevant part, "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to" … "[g]iv[e], sell[ ], trad[e], transfer[ ], or in any other manner mov[e] an unauthorized physical object to another person; or receiv[e], buy[ ], trad[e], or transfer[ ]; or in any other manner mov[e] an unauthorized physical object from another person without the prior authorization of the facility warden or designee." (Dkt. 10-10 at 2.)

> The Conduct Report states:
>
> On 6/27/2023 at approximately 2:30PM I, Investigator H. Kern, reopened confidential case file 23-CIC-0010.  Confidential case file 23-CIC-0010 is an investigation concerning an anonymous letter received from F-Unit.  The letter reported that there are several level one offenders bringing unauthorized items back with them into the facility.  The Offenders are believed to be strategically placing the unauthorized items in D-Corridor so that the items are not a part of the strip search process.  The items are then able to be retrieved by an offender after the strip search has been conducted.  I conducted a video review of D-Corridor on 3/27/2023.  I found during the video review that on 3/27/2023 at 1:16:15PM Offender Brad Raudenbush (6L-1F) can be seen on the D-Corridor Entrance camera purposely waiting until staff are not looking, once staff are not paying attention Offender Raudenbush can be seen placing his jacket into a trash can located in D-Corridor prior to being strip[ ] search[ed].  Offender Raudenbush retrieves his unsearched jacket from Offender Travis Cusick #891877 at 1:26:57PM. Based on Offender Raudenbush's and Offender Cusick's actions I'm able to confirm that Offender Raudenbush conspired with Offender Cusick to move an authorized physical object into the Correctional Industrial Facility without prior authorization of the facility Warden.  Confidential Case File 23-CIC-0010 updated 7/10/2023.

(Dkt. 10-1 at 1.)

Raudenbush was notified of the charge and pled not guilty. (Dkt. 10-3.) A hearing was held on September 12, 2023. (Dkt. 10-5.) The Disciplinary Hearing Officer ("DHO") took into consideration the Conduct Report, video evidence of the event at issue, and Raudenbush's statement:

> I would never traffic into the facility. I'm just trying to go home. If I brought something in, it would have been for myself, not anyone else. I thought that bin was for dirty laundry, and I don't know why I picked up the coat from the other offender. I never had a chance to pick anything up, because I work by myself, and my foreman never leaves my side.

(Dkt. 10-5 at 1; *see* Dkt. 10-7.) The DHO found Raudenbush guilty, reasoning that:

> [he] was seen clearly on the camera to step out of line and remove his coat to place it outside of our security measures, then willing[ly] took possession of his coat after a separate offender moved his coat to a second location. [Offender] Raudenbush took means to ensure his coat and whatever was in it, bypassed all security checks by our staff, before getting his coat into the facility.

(Dkt. 10-5.) Raudenbush was sanctioned with a one-step demotion in credit-earning class. *Id*.

Raudenbush appealed to both the Facility Head and the Indiana Department of Correction ("IDOC") Final Reviewing Authority, both of whom denied his appeals. (Dkt. 10-8; Dkt. 10-9; *see* Dkt. 1.) Raudenbush then brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) He asserts several arguments, which the Court considers below. (Dkt. 1.)

### III. ANALYSIS

**A.     Violation of Prison Procedures**

Raudenbush argues that several prison procedures were violated because: (1) he was not screened until eleven business days after the Conduct Report was written, but the prison's procedures state that screening should occur within seven business days; (2) he was not given notice of multiple continuances; (3) Investigator Kerns did not sign or date his Report of

3

Investigation of Incident; and (4) he was charged with two offenses (conspiracy and trafficking), which is not proper under the prison's procedures. (Dkt. 1 at 3-6.)

The Respondent argues that Raudenbush is not entitled to habeas relief for alleged violations of prison procedures and policies. (Dkt. 10 at 7-8.) Raudenbush did not file a reply.

Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on violations of prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."). In other words, the Court is focused on the due process requirements established in *Hill*, 472 U.S. at 454, and *Wolff,* 418 U.S. at 563-67, which are not implicated by this argument. Accordingly, Raudenbush is not entitled to habeas relief on this ground.[1]

### B.   Sufficiency of the Evidence

Raudenbush argues that there is insufficient evidence to find him guilty because "[Investigator] Kerns clearly states no object or objects were seen or confiscated" and asks, "so where's the evidence?" (Dkt. 10 at 4.)

---

[1] The Court provides a note regarding Raudenbush's argument that he was improperly charged with two offenses. The prison's procedures define the offense of conspiracy/attempting/aiding or abetting as "attempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense," and trafficking is a Class A offense. (Dkt. 10-10 at 2.) So, a conduct report accusing an inmate of conspiracy/attempting/aiding or abetting "must necessarily mention a second offense." *Bird v. Warden*, 2021 WL 1821660, at *1 (N.D. Ind. Apr. 5, 2021).

4

The Respondent argues that Raudenbush did not raise this argument in his appeals and that he is not entitled to raise it now since he provides "no explanation as to why he failed to raise this claim" and "cannot establish cause and prejudice to overcome the default." (Dkt. 10 at 8-9.)

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for a writ of habeas corpus unless a showing of cause and prejudice or a miscarriage of justice has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Love v. Vanihel*, 73 F.4th 439, 446 (7th Cir. 2023) (state prisoners must exhaust their available state remedies before challenging a prison disciplinary conviction in federal court); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Indiana "has no judicial procedure for reviewing prison disciplinary hearings, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies, and presenting legal contentions to each administrative level." *Love*, 73 F.4th at 446 (quotations and citations omitted).

A petitioner seeking review of defaulted claims has two options. He can show "cause and prejudice for the default" or he can demonstrate that failure to consider the defaulted claims will result in a "miscarriage of justice." *Id.* "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded compliance with the procedural rule." *Id.* (quotation and citation omitted). "This normally means petitioner must show that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance impracticable." *Id.* (quotations, citations, and alteration omitted).

To show prejudice, "the prisoner must show not merely a substantial federal claim, such that the errors at trial created a possibility of prejudice, but rather that the constitutional violation

worked to his actual and substantial disadvantage." *Id.* (quoting *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022)). To demonstrate a fundamental miscarriage of justice, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" such that "it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence." *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016).

Raudenbush did not raise an argument regarding sufficiency of the evidence in his appeal to the Facility Head, (*see* Dkt. 10-8), and he makes no argument to the Court regarding cause or prejudice for not initially raising this argument, (*see* Dkt. 1). Accordingly, he is not entitled to assert a sufficiency of the evidence argument here, and is therefore not entitled to habeas relief on this ground.

## IV. <u>CONCLUSION</u>

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in Raudenbush's case, and there was no constitutional infirmity in the proceeding that entitles him to the relief he seeks. Accordingly, Raudenbush's Petition for a Writ of Habeas Corpus, Dkt. [1], is **DENIED**, and the action is **dismissed**.

Additionally, the Court notes that, according to the IDOC website, it appears that Raudenbush was discharged from IDOC custody to the Adams County Community Transition Program.[2] Since his release, Raudenbush has not updated his address with the Court. To ensure that Raudenbush receives this Order, the Court is sending it to Raudenbush at both his outdated

---

[2] https://public.courts.in.gov/mycase#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IjB6Q1o5b215dFlTX2VzbTJm MFhfYVVJRkNfU0Z3YmNuOWFmLWlOZ0x4cUExIn19 (last visited October 7, 2024).

6

address on the docket and at the Adams County Community Transition Program which hopefully will forward it to Raudenbush or otherwise ensure his receipt of it.

    Final judgment shall issue by separate order.

**SO ORDERED.**

Date:   10/9/2024

_Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL'S OFFICE
natalie.weiss@atg.in.gov

DISTRIBUTION VIA U.S. MAIL TO:

Brad Raudenbush, #283229
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana  46064

Brad Raudenbush, #283229
ADAMS COUNTY COMMUNITY TRANSITION PROGRAM
7453 North Piqua Road
Decatur, Indiana  46733